IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DUANE L. BERRY, ET AL., § <br> #62250-019 § <br>         PLAINTIFFS, § <br> § <br> V. § <br> § <br> DANIELLE POWERS, § <br>         DEFENDANT. § | CIVIL CASE NO. 3:20-CV-2034-E-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED WITH PREJUDICE** as frivolous.

**I.      BACKGROUND**

On July 31, 2020, Plaintiff Duane L. Berry, a prisoner at the Federal Medical Center (FMC) in Butner, North Carolina, filed a *pro se* complaint asserting that he is the "President of the Federal Reserve Bank of New York." Doc. 3 at 2. He names Danielle Powers, of FMC-Fort Worth, as the sole defendant. Doc. 3 at 1. Berry's rambling complaint is largely incoherent. His main complaint appears to be of missing documents—specifically, "4.5lbs of CLASSIFIED federal securities and other documents regarding the transfer of federal assets of the Federal Reserve Banks, Bank of America, and Bridgewater Capital Trust over to the Federal Reserve Bank System Accounting Trust." Doc. 3 at 2; *see also* Doc. 3 at 20 (*Civil Cover Sheet* summarizing cause of action as "forfeiture of seized federal securities").

Berry avers that during his December 2019 to January 2020 confinement at FMC-Fort Worth, "the securities were kept in the locked office of (SIS) Lt. Carpenter for safekeeping and security." Doc. 3 at 3. He further contends that following his transfer to FMC-Butner, the "45lbs. of CLASSIFIED federal securities and documents were mysteriously missing and inmate property records were falsified, altered, and manipulated." Doc. 3 at 3. He also asserts that the securities were last in the custody of Defendant Powers. Doc. 3 at 3.

A review of PACER reflects that on December 17, 2019, the United States District Court for the Eastern District of Michigan dismissed a federal indictment against Berry and referred him for a civil commitment determination under 18 U.S.C. § 4246(a). *United States v. Berry*, No. 2:15-CR-20743 (E.D. Mich.); *see also United States v. Berry*, No. 5:20–HC–2085 (N.D.N.C.) (civil commitment proceedings). Upon review of the instant complaint, Berry fails to present a cognizable claim and his factual contentions appear irrational and delusional. As such, this action should be dismissed as frivolous.

**II.   ANALYSIS**

Because Berry did not pay the filing fee, the Court presumes that he seeks leave to proceed *in forma pauperis*. As such, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides inter alia for the *sua sponte* dismissal of a complaint if the Court finds that it is frivolous or malicious. A complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional"

2

scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Berry has failed to state a cognizable claim or anything that can be construed as such. Moreover, as stated previously, his factual contentions appear irrational and incredible and fail to support any legal claim, *see Denton*, 504 U.S. at 33. Further, it is well established that habeas actions are reserved for "[c]hallenges to the validity of any confinement or to particulars affecting its duration." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Consequently, Berry's complaint should be dismissed with prejudice as factually and legally frivolous.[1]

### III.  LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* For the reasons outlined here, Berry's claims are fatally infirm. Based on the most deferential review of his pleadings, it is unlikely that, even if given the opportunity, Berry could

---

[1] To the extent Berry attempts to allege a criminal law violation, it is not cognizable. Federal criminal statutes do not provide for a private cause of action. *See Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (the party seeking to imply a private right of action bears the burden to show that Congress intended to create one).

allege cogent and viable legal claims.  Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on August 25, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).